1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

FRANK R. NORDLUND, et al.,

               Plaintiffs,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, et al.,

               Defendants.

CASE NO. C14-5217 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13

14

15

16

17

       This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 34), and

Plaintiffs Frank Nordlund and Bryan Gelenaw's ("Plaintiffs") objections to the R&R

(Dkt. 35).

18

**I. PROCEDURAL HISTORY**

19

20

21

22

       On June 16, 2013, Plaintiffs filed a 42 U.S.C. § 1983 suit against Defendants

Washington State Department of Corrections, Ronald Fraker, and Vance Adamire

("Defendants") in Clallam County Superior Court.  Dkt. 1 at 2.  On February 19, 2014,

Plaintiffs filed an amended complaint.  Dkt. 1-1 ("Comp.").  Plaintiffs are prisoners at the

1    Clallam Bay Corrections Center ("CBCC").  *Id.* ¶¶ 20–21.  Between June 29 and July 5,

2    2011, CBCC was placed on a temporary emergency lockdown following an escape

3    attempt ("six-day lockdown").  *Id.* ¶¶ 35–38.  Plaintiffs allege that the conditions of their

4    confinement in the Medium Security Complex ("MSC") during the six-day lockdown

5    violated their federal constitutional right to be free from cruel and unusual punishment.

6    *Id.* ¶¶ 84–91.  On March 14, 2014, Defendants removed the suit to this Court.  Dkt. 1.

7        On November 7, 2014, Defendants moved for summary judgment, arguing that the

8    conditions of Plaintiffs' confinement during the six-day lockdown were temporary,

9    penologically justified, and reasonable under the circumstances.  Dkt. 13.  On February

10    25, 2015, Judge Strombom issued the R&R recommending that the Court grant

11    Defendants' motion for summary judgment.  Dkt. 34.

12        On March 12, 2015, Plaintiffs filed objections.  Dkt. 35.  On March 26, 2015,

13    Defendants responded.  Dkt. 36.  On April 6, 2015, Plaintiffs replied.  Dkt. 37.

14                     **II. DISCUSSION**

15        Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

16    recommended disposition.  Rule 72(b) provides as follows:

17           The district judge must determine de novo any part of the magistrate
        judge's disposition that has been properly objected to.  The district judge

18        may accept, reject, or modify the recommended disposition; receive further
        evidence; or return the matter to the magistrate judge with instructions.

19    Fed. R. Civ. P. 72(b)(3).

20

21

22

1    Plaintiffs object to Judge Strombom's recommended disposition on numerous

2  grounds.[1]  Several of Plaintiffs' objections repeat arguments that they raised in response

3  to Defendants' summary judgment motion.  *Compare* Dkt. 35, *with* Dkt. 22.  Judge

4  Strombom thoroughly and properly addressed these arguments in the R&R.  The Court

5  will address Plaintiffs' objections that raise new issues.

6    Plaintiffs argue that Judge Strombom improperly excluded Plaintiffs' allegations

7  about Defendants' conduct prior to the six-day lockdown.  Dkt. 35 at 3.  Plaintiffs

8  contend that their complaint incorporates facts outside of the six-day lockdown period.

9  Dkt. 35 at 2.  The Court disagrees.  Although Plaintiffs allege that Defendants are liable

10 for constitutional violations and negligence "during all formal counts for at least 2 years

11 prior to the lockdown," the factual allegations in Plaintiffs' complaint relate only to the

12 six-day lockdown.  *See* Comp. ¶¶ 26–66.  Plaintiffs have not sought leave to amend their

13 complaint to include these claims.  Thus, Judge Strombom properly determined that

14 Plaintiffs' complaint does not support any claims regarding conduct outside of the six-

15 day lockdown period.

16    Plaintiffs also object to Judge Strombom's findings regarding the relevancy and

17 admissibility of Plaintiffs' exhibits that were submitted with their response to

18 Defendants' summary judgment motion.  Dkt. 35 at 3–7, 10.  In regards to the log book

19 _____

20    [1] Defendants argue that Plaintiffs' objections exceed the page limit.  Dkt. 36 at 2.  Local
   Rule 72 provides that objections to a magistrate judge's recommended disposition shall not
21 exceed twelve pages.  Local Rules, W.D. Wash. LCR 72.  Although Plaintiffs' objections exceed
   the page limit, Plaintiffs are proceeding *pro se*.  In the interest of justice, the Court will consider
22 Plaintiffs' objections beyond the page limit.  *See Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir.
   2002) ("[P]rocedural requirements should be more liberally construed for *pro se* litigants.").

1   entries, the entries that were made outside of the six-day lockdown are not relevant to the

2   conditions of Plaintiffs' confinement during that six-day period.  Although some of the

3   log book entries do involve the six-day lockdown, these entries do not show when the

4   prisoners were allowed in and out of their cells or how long Plaintiffs were locked in their

5   cells.  *See* Dkt. 29 at 25–39.  As for the Massachusetts class action complaint, tort claims

6   from other offenders, law review article, and newspaper clippings, none of these

7   documents are authentic, admissible, or relevant evidence.

8          Finally, Plaintiffs contend that Judge Strombom erroneously determined that the

9   American Correctional Association ("ACA") standards are only a guide and that the

10  toilet-to-inmate ratio complies with the ACA standards.  Dkt. 35 at 7.  According to

11  Plaintiffs, "[w]hether the standards are only a 'guide' that can be . . . consciously ignored

12  in the absence of 'exigent circumstances' is a material fact issue in dispute and should not

13  have been resolved on summary judgment."  *Id.*  Viewed in the light most favorable to

14  Plaintiffs, the evidence in the record establishes that the ACA standards are a guide and

15  that the toilet-to-inmate ratio complies with the ACA standards.  *See* Dkt. 16, Declaration

16  of John Brandt ¶ 6.  Plaintiffs have not presented evidence to the contrary.  Additionally,

17  the evidence in the record establishes that the six days of restricted movement in the

18  MSC was temporary and penologically justified under the circumstances, even if the

19  ACA standards were not followed.  *See* Dkt. 14, Declaration of Vance Adamire ¶¶ 7, 9;

20  Dkt. 15, Declaration of Edwin Reetz ¶ 5.

21

22

ORDER - 4

1

**III. ORDER**

2

The Court having considered the R&R, Plaintiffs' objections, and the remaining

3

record, does hereby find and order as follows:

4

    (1)    The R&R is **ADOPTED**;

5

    (2)    Plaintiffs' 42 U.S.C. § 1983 claims are **DISMISSED with prejudice**; and

6

    (3)    Plaintiffs' state law claims are **DISMISSED without prejudice**.

7

Dated this 23rd day of April, 2015.

8

9

10

BENJAMIN H. SETTLE
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22